IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

DAVID HUMPHREYS
220 West 4th Street
Joplin, Missouri 64802,

on behalf of himself and all others similarly situated,

            Plaintiff,

vs.

MAIN STREET JOPLIN, INC.
Service address:
   402 Joplin Ave.
   Joplin, Missouri 64801,

a not-for-profit corporation,

           Defendant.

Case No. _____
Division _____

## **CLASS ACTION COMPLAINT**

COMES NOW plaintiff David Humphreys (individually "Plaintiff"), for himself and all other members of the class described below (collectively "Class Plaintiffs"), and for this Class Action Complaint ("Complaint"), states as follows:

Parties

1. Plaintiff, David Humphreys, is an individual residing in Joplin, Jasper County, Missouri, within the territorial limits of the Southwestern Division of the United States District Court for the

0731293.05

Western District of Missouri. As more fully discussed below, Plaintiff and the other members of the class use on-street metered parking located within the public right-of-way in downtown Joplin, Missouri.

2. Defendant Main Street Joplin, Inc. ("Main Street") is a not-for-profit corporation organized and existing under the laws of the State of Missouri. Main Street may be served at its principal place of business, and only known office, located in Joplin, Jasper County, Missouri, within the territorial limits of the Southwestern Division of the United States District Court for the Western District of Missouri. As more fully discussed below, Main Street enforces the Metered Parking Ordinance of the City of Joplin, Missouri ("City"), pursuant to a contract with the City.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction over Count IV pursuant to 28 U.S.C. § 1331, as the claims therein arise under the 14th Amendment of the United States Constitution and other provisions of federal law, including 42 U.S.C. § 1983.

4. This Court has supplemental subject matter jurisdiction over the remaining claims of this Complaint, pursuant to 42 U.S.C. § 1367, as those claims are so related that they form part of the same case or controversy.

5. Venue lies with this Court because Plaintiff is a resident of this judicial district and division and because defendant's principal place of business, and only known office, is located within this judicial district and division; further, venue is proper because all or most of the actions giving rise to this Complaint occurred within this judicial district and division.

Class Action Allegations

6. This action is brought by Plaintiff as a class action, on his behalf and on behalf of all others similarly situated, under the provisions of Rule 23(a) and 23(b) of the Federal Rules of Civil Procedure, for damages, declaratory relief, and injunctive relief, and other relief incident and subordinate to it, including costs and attorneys' fees.

7. The class consists of all taxpayers in Joplin, Missouri who have used on-street metered parking in downtown Joplin administered, regulated, and enforced by Main Street, on and after July 3, 1990.

8. The exact number of members in the class identified above is neither known nor ascertainable, but it is believed that the class is so numerous that joinder of individual members in this action is impracticable.

9. This action involves common questions of law and fact that affect the rights of each member of the class and the relief sought is common to the entire class. Parking meter fees and fines paid by named plaintiff and by class members have been improperly collected and spent by Main Street pursuant to an illegal and void contract when, pursuant to applicable law, such funds are in fact public funds which can only be spent by the City for public purposes. Furthermore, Main Street, although subject to Missouri's Sunshine Law, has conducted its affairs, including decisions regarding the expenditure of public funds, in meetings which were either secret or which were held without the required advance notice to the public.

10. The claims of Plaintiff are typical of the claims of the class as a whole because such claims arise from Main Street's administration, regulation and enforcement of the City's metered parking

ordinance against users of metered parking. There is no conflict as between Plaintiff and other members of the class with respect to this action, or with respect to the claims for relief set forth in this Complaint.

11. Plaintiff is the representative party for the class, and is able to, and will, fairly and adequately protect the interests of the class. Plaintiff's law firm is experienced and capable in litigation in this field and has successfully represented claimants in other litigation of this nature. Joe Rebein and Joseph S. Gall, partners in Plaintiff's law firm, will actively conduct and be responsible for Plaintiff's case.

12. This action is properly maintained as a class action in that (a) the prosecution of separate actions by individual members of the class could create a risk of varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for Main Street; (b) the prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would, as a practical matter, be dispositive of the interests of the other members not party to such adjudications; and (c) Main Street has acted, as described below, on grounds which are applicable to the entire class and has, by reason of such conduct, made appropriate final injunctive relief or corresponding declaratory relief with respect to the entire class, as sought in this class action.

<u>Factual Background</u>

13. On July 28, 1989, Main Street filed its Articles of Incorporation with the Office of the Missouri Secretary of State. A copy of those Articles is attached as Exhibit A.

14. Article Six(a) of the Articles of Incorporation states in full:

The purpose or purposes for which the corporation is organized are: (a) To operate, maintain and regulate public <u>off-street</u> parking facilities in the City of Joplin, Missouri, subject to all requirements and agreements with the City of Joplin, in such a manner so as to provide safe and convenient parking for downtown patrons. (emphasis added).

15. Article Seven(c) of the Articles of Incorporation states in full:

The corporation is empowered: . . . (c) To do and perform all acts reasonably necessary to accomplish the purposes of the corporation, including the power to establish rules and regulations to govern the operation and maintenance of public <u>off-street</u> parking facilities operated by the corporation, including the power to establish fines for non-compliance with such rules and regulations. (emphasis added).

16. On or about July 2, 1990, Main Street executed a contract with the City ("the Contract") for the stated purpose of allowing Main Street "to regulate public <u>on-street</u> metered parking." (emphasis added). A copy of the Contract is attached as Exhibit B.

17. The term of the Contract is 10 years ending on July 2, 2000.

18. Pursuant to the Contract, the City pays Main Street "the sum which is the equivalent to the actual revenue received by City from on-street meters and courtesy envelope revenue generated by meters regulated pursuant to this agreement, less twenty (20%) percent of the cost of the wages, and benefits of the parking meter collection/maintenance men."

19. The Contract places no restrictions on Main Street regarding how it can spend parking meter proceeds which come into its possession.

20. Main Street qualifies as a "quasi-public governmental body" as that term is defined in R.S.Mo. § 610.010, which is contained in Chapter 610 of the Revised Missouri Statutes, commonly known as Missouri's Sunshine Law ("the Sunshine Law").

21. The Contract entered into by Main Street with the City is purportedly authorized by the Code of Laws of Joplin ("Code") at § 114-126(a) which states in pertinent part:

> (a) The city manager is hereby authorized to . . . appoint certain other persons as conservators of the peace provided such other persons are employed on behalf of any private corporation empowered by contract or lease to regulate any municipal lot. . . . Persons employed as security guards of any private corporation empowered by contract or lease to regulate any municipal parking lot . . . shall also have the authority to issue citations for any public on-street metered parking violations and upon such public streets or alleys as designated from time to time by the city manager.

22. Pursuant to the Contract, Main Street provides two conservators of the peace "whose duties shall be to <u>regulate</u> public on-street metered parking within the City." (emphasis added).

23. Subdivision I of Division 4 "Parking Meters" of Article IV of Chapter 114 of the Code (Sections 114-431 through 114-441) ("the Metered Parking Ordinance") addresses regulation of public metered parking in the City.

24. Division 4 of Article IV of Chapter 114 of the Code does not establish any fee for on-street metered parking.

25. Code Section 114-440(a) provides that parking meter proceeds are for "the regulation and control of parking upon public streets, the costs of parking meters, their installation, inspection, supervision, operation, repair and maintenance, control and use of parking spaces, and regulating the parking of vehicles in parking meter zones."

26. Missouri Constitution Article 6, Section 25, states that no city shall grant public money to any private individual, association, or corporation.

27. Code Section 114-123 states in pertinent part:

Whenever any motor vehicle without a driver is found parked or stopped in violation of any of the restrictions imposed by ordinance of the city or by state law, the officer or conservator of the peace finding such vehicle shall . . . conspicuously affix to such vehicle a <u>uniform traffic ticket</u> for the driver to answer to the charge against him within two days during the hours and at a place specified in the traffic ticket. . . . (emphasis added).

28. Missouri Supreme Court Rule 37, Form 37.A, provides a suggested uniform complaint and summons form to be used in traffic cases.

29. The "parking tickets" issued by Main Street to alleged violators of the City's Metered Parking Ordinance are not remotely similar to the uniform summons and complaint form set out in Missouri Supreme Court Rule 37, Form 37.A.

30. Pursuant to its Contract with the City, Main Street has and continues to engage in the following activities:

    a. Conducting its business in secret, without any public scrutiny, and without giving notice to the public as required by the Sunshine Law;

    b. Setting parking meter fees and setting fines for violation of the City's Metered Parking Ordinance and/or recommending to the City such fees and fines; in particular, on information and belief, Main Street increased on-street parking meter fees five-fold, from $.05 to $.25 per hour, sometime in 1996, and increased parking fines from $1 to $2;

    c. Ticketing alleged violators of the City's Metered Parking Ordinance by use of a form that complies with neither Supreme Court Rule 37 nor Code Section 114-123;

    d. Imposing fines for alleged violations of the City's Metered Parking Ordinance and pursuing collection thereof, in an unauthorized and illegal quasi-judicial capacity;

    e. Depositing on-street parking meter proceeds and fines, which are public funds, in its own bank account; and

        f.        Spending on-street parking meter proceeds and fines for purposes not authorized by Joplin Code § 114-440(a).

## COUNT I

## SUNSHINE LAW VIOLATION

31.        Plaintiff incorporates the allegations contained in Paragraphs 13 through 30 into Count I of this Complaint.

32.        Main Street is a "quasi-public governmental body" for purposes of the Sunshine Law, as defined in R.S.Mo. § 610.101(2).

33.        Plaintiff requested that Main Street turn over open records as required by the Sunshine Law.

34.        Although Plaintiff requested documents relating to each of the following, Main Street has not provided any documents establishing that:

        a.        the City, as opposed to Main Street, established parking meter fees and fines;

        b.        Main Street or the City, prior to any meeting held by Main Street, issued public notice of such meeting, as required by the Sunshine Law; or

        c.        Main Street followed the proper procedures for conducting its meetings, whether open or closed, as required by the Sunshine Law.

0731293.05          - 9 -

Case 3:00-cv-05029-GAF    Document 1    Filed 03/31/00    Page 9 of 17

35. On information and belief, Main Street has wholly ignored the notice and open meeting requirements of the Sunshine Law and has conducted its meetings in secret and without any public scrutiny by failing to give the required public notice of its meetings.

36. On information and belief, Main Street has accomplished the following in meetings which either were closed and secret or were held without advance public notice as required by the Sunshine law:

    a. Authorized contracts with the City, including the Contract at issue in this Complaint, relating to the administration, regulation, and enforcement of the City's Metered Parking Ordinance;

    b. Set parking meter fees and fines for alleged violations of the City's Metered Parking Ordinance;

    c. Authorized and arranged for the deposit of public funds, namely parking meter proceeds and fines, into its own bank account; and

    d. Authorized expenditure of public funds for private purposes and purposes not authorized by Code § 114-440(a) and Article 6 of the Missouri Constitution.

WHEREFORE, Plaintiff prays that this Court assess the maximum fine permitted under the Sunshine Law against Main Street; declare invalid all actions taken by Main Street in meetings conducted in violation of the Sunshine Law; award Plaintiff the costs incurred to bring this action, including reasonable attorneys' fees, as permitted by the Sunshine Law; and grant any other relief the Court considers appropriate.

0731293.05 - 10 -

Case 3:00-cv-05029-GAF   Document 1   Filed 03/31/00   Page 10 of 17

## COUNT II

## DECLARATORY JUDGMENT

37.     Plaintiff incorporates paragraphs 13 through 36 into Count II of this Complaint.

38.     Class Plaintiffs have a legally protectable interest at stake in that they are taxpayers who have standing to complain when public funds are spent illegally; further, they have each paid parking meter fees and/or fines to park on City right-of-way and desire that those proceeds, which are public funds, are expended by the City in legally permissible ways.

39.     A justiciable controversy exists between Class Plaintiffs and Main Street, because Class Plaintiffs have provided and are providing funds which Main Street is spending pursuant to the Contract with the City, which Main Street contends is valid and enforceable and which named Plaintiff contends is illegal, against public policy, and void.

40.     A declaratory judgment is appropriate because it would dispel uncertainty as to the legal rights as between Class Plaintiffs and Main Street before additional public funds are expended for purposes which Plaintiff contends are illegal and inappropriate.

41.     The Contract between Main Street and the City is illegal, against public policy, and void for the following reasons:

    a.     The Contract furthers an illegal purpose in that it:

        (i)     Permits Main Street to <u>regulate</u> City metered <u>on-street</u> parking, a legislative function the City's delegation of which is illegal and exceeds the City's authority as set out in Code § 114-126(a);

(ii) Permits Main Street to set or participate in setting parking meter fees and fines for violation of the City's Metered Parking Ordinance, a legislative function which is legally non-delegable by the City under state law;

(iii) Permits Main Street to expend public funds in violation of Code § 114-440(a) and Missouri Constitution Article 6; and

(iv) Does all of the above by shifting duties away from publicly accountable elected officials and into the hands of unaccountable and unelected persons.

b. Main Street acted in violation of the Sunshine Law when it authorized its president to execute the Contract on behalf of Main Street without first notifying the public of the meeting at which such action was taken and/or authorized.

42. Main Street purports to act as the City's agent in enforcement of the City's Metered Parking Ordinance, but for reasons stated herein, Main Street's activities exceed its permitted authority and agency and are based on an illegal, void contract.

WHEREFORE, Plaintiff prays that this Court declare the Contract to be illegal, against public policy, and void; that Plaintiff be awarded his costs in bringing this action; and for other relief the Court considers appropriate.

## COUNT III

## PERMANENT INJUNCTION

43. Plaintiff incorporates paragraphs 13 through 42 into Count III of this Complaint.

44. Class Plaintiffs have been and will be irreparably harmed by the activities of Main Street in administering, regulating and enforcing the City's Metered Parking Ordinance for at least the following reasons:

    a. Main Street is administering, regulating, and enforcing the City's Metered Parking Ordinance against Class Plaintiffs without legal authority to do so;

    b. Main Street is setting parking meter fees and is setting fines for alleged violation of the City's Metered Parking Ordinance without legal authority to do so;

    c. Main Street is collecting parking meter fees which have not been legally established;

    d. Main Street is assessing fines for alleged violations of the Metered Parking Ordinance when in fact there are no violations (because the fees have not been legally established), and even though Main Street is not a judicial or quasi-judicial governmental body;

    e. Main Street is depositing parking meter proceeds and fines into its own banking account when in fact such funds are public funds which should become part of the City's general fund to be spent for purposes permitted by City ordinance and by state law;

    f. Main Street is illegally spending public funds for non-public purposes; and

    g. Main Street's enforcement of the City's Metered Parking Ordinance violates the constitutional rights of Plaintiffs as set out in Count IV of this Complaint.

45. Class Plaintiffs have no adequate remedy at law because an action for damages, even if available, would not compensate them for loss of constitutional rights; and because Main Street is

a not-for-profit corporation with no or few assets, therefore making it unlikely that a judgment for damages would be collectible.

WHEREFORE, Plaintiff prays that this Court enjoin Main Street from any further enforcement of the City's Metered Parking Ordinance, including the collection of parking meter fees, the ticketing of cars, the assessment of fines for alleged violation of the Metered Parking Ordinance and the collection of fines; enjoin Main Street from any further expenditure of funds in its possession derived from the Contract with the City; order the return of parking meter rates within that portion of the City now being regulated by Main Street to the level charged prior to Main Street's unauthorized increase of such rates in 1996; enter a mandatory injunction ordering Main Street to return any public funds in its possession to the City for expenditure by the City for public purposes as permitted by state law; enter a mandatory injunction ordering Main Street to reimburse to each member of Plaintiff Class the total amount of fines paid to Main Street for alleged violations of the Metered Parking Ordinance; enter a mandatory injunction ordering Main Street, to the extent practicable, to recover and return to the City any public money illegally spent for non-public purposes and/or for purposes other than those authorized by City Ordinance 114-440(a) or by state law; award Plaintiff his costs in bringing this action; and grant any other relief the Court considers appropriate.

## COUNT IV

## DUE PROCESS VIOLATIONS

46. Plaintiff incorporates the allegations of paragraphs 13 through 45 into Count IV of this Complaint.

47. Main Street's activities undertaken pursuant to its Contract with the City constitute state action sufficient to invoke the Fourteenth Amendment of the United States Constitution; or, Main Street acts under color of state law and under color of City ordinance, invoking the provisions of 42 U.S.C. § 1983.

48. The following activities of Main Street pursuant to its Contract with the City to administer, regulate and enforce the City's Metered Parking Ordinance violate the due process rights of Class Plaintiffs as guaranteed by the Fourteenth Amendment of the United States Constitution:

   a. Exercising police powers, as an unaccountable and unelected official, including, on information and belief, the City's non-delegable legislative functions of establishing fees and fines under the Metered Parking Ordinance and spending public funds;

   b. Collecting parking meter fees which have not been legally established;

   c. Issuing tickets, and thus invoking the police powers of the state as delegated to the City, for alleged failure to pay illegally established parking meter fees, when such tickets fail to comply with Supreme Court Rule 37 and City Ordinance 114-123, thereby failing to give ticketed class members any notice of appropriate procedures for challenging said tickets or appealing fines associated with the issuance of such tickets; and

   d. Assessing and collecting fines for alleged violations of the City's Metered Parking Ordinance outside of the City's established municipal court system, as if Main Street itself were a judicial or quasi-judicial governmental body.

WHEREFORE, Plaintiff prays that this Court declare the Contract between Main Street and the City of Joplin to be illegal, against public policy, and void; enjoin Main Street from any further enforcement of the City's Metered Parking Ordinance, including the collection of fees, ticketing of cars, assessment of fines and collection of fines; enjoin Main Street from any further expenditure of public funds; enter a mandatory injunction ordering the return of parking meter fees to the level charged prior to Main Street's unauthorized increase of such rates in 1996; enter a mandatory injunction ordering Main Street to return any public funds in its possession to the City for expenditure by the City for public purposes as permitted by City ordinance and state law; enter a mandatory injunction ordering Main Street to reimburse to each member of Plaintiff Class the total amount of fines paid to Main Street for alleged violations of the Metered Parking Ordinance; enter a mandatory injunction ordering Main Street, to the extent practicable, to recover and return to the City any public money illegally spent for non-public purposes; award Plaintiff his costs in bringing this lawsuit including reasonable attorneys' fees, as authorized by 42 U.S.C. § 1988; and grant any other relief the Court considers appropriate.

## JURY DEMAND

Plaintiff demands that a jury be empaneled to hear and determine all issues related to this lawsuit for which Class Plaintiffs are entitled to a trial by jury.

SHOOK, HARDY & BACON L.L.P.

By /s/ Joe Rebein
Joe Rebein, MO#35071
Joseph S. Gall, MO#33959

One Kansas City Place
1200 Main Street
Kansas City, Missouri 64105-2118
816/474-6550
FAX: 816/421-4066

ATTORNEYS FOR PLAINTIFF

0731293.05

- 17 -